UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SCOTT AXELROD,<br>**Plaintiff** | :<br>:<br>: | |
| v. | :<br>: | C.A. No. |
| SHANNON SYSTEMS, LLC d/b/a<br>B2BGATEWAY.NET,<br>**Defendant** | :<br>:<br>:<br>: | |

## COMPLAINT

### I. Introductory Statement

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful discrimination in employment the Plaintiff suffered on account of his disability(ies) or perceived disability(ies) in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA"), the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.* ("CRPD"), the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.* ("FEPA"), the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.* ("RICRA"), the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"), and the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-1, *et seq.* ("RIPFMLA").

### II. Parties

1. The Plaintiff is a resident of the Town of South Kingstown, County of Washington, State of Rhode Island.

2. Defendant Shannon Systems, LLC d/b/a B2BGateway.net ("B2B") is a limited liability company duly organized pursuant to the laws of Massachusetts and maintains a business location at 80 Palmer Circle, Hope Valley, Rhode Island 02832.

### III. Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims under the ADA pursuant to 42 U.S.C. §12117, jurisdiction over Plaintiff's claims under the FMLA pursuant to 29 U.S.C. §2617, and supplemental jurisdiction over the Plaintiff's claims under the CRPD, the FEPA, the RICRA, and the RIPFMLA pursuant to 28 U.S.C. §1367.

### IV. Venue

4. Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in the State of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Exhaustion of Administrative Remedies

5. On or about June 13, 2018, the Plaintiff timely co-filed a charge of disability discrimination against Defendant B2B with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 18 EMD 322-35/32 and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No. 16J-2018-00297.

6. On or about September 27, 2018, more than one hundred twenty (120) days, but less than two (2) years after the charge was co-filed, the Plaintiff requested that the RICHR and the EEOC issue a right to sue letter.

7. On or about October 17, 2018, Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

8. On or about December 6, 2018, Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted suit thereon.

9. The RICHR failed to act upon the Plaintiff's charge of discrimination within sixty (60) days of the filing of the charge and thus the Plaintiff's CRPD claim is properly before this Court pursuant to R.I.G.L. §42-87-4(b).

10. There is no requirement under the RICRA, the FMLA, and the RIPFMLA relative to the exhaustion of administrative remedies.

### VI. Material Facts

11. In or about 2014, the Plaintiff was hired by Defendant B2B as the company's Information Technology ("IT") Manager.

12. The Plaintiff was the only employee that handled IT matters at Defendant B2B.

13. During all relevant time periods, the Plaintiff's work performance was satisfactory and met Defendant B2B's legitimate expectations.

14. The Plaintiff suffers from major depression and anxiety.

15. During all relevant time periods, employees and/or agents of Defendant B2B were aware that the Plaintiff suffers from major depression and anxiety.

16. During his employment, the Plaintiff was subjected to discrimination based upon his disability(ies) or perceived disability(ies).

17. On October 18, 2017, the Plaintiff's brother passed away.

18. After his brother's passing, the Plaintiff utilized available vacation time and took time off from work.

19. After his brother's passing, the Plaintiff began to suffer from major depression and anxiety and was unable to sleep.

20. In or about early November, 2017, the Plaintiff returned to work.

21. After the Plaintiff's return to work, the Plaintiff's co-workers at Defendant B2B noticed that he was more reserved and was suffering from the mental and emotional impact of his brother's death.

22. After his return to work, the Plaintiff performed his work at the same level as prior to his brother's passing.

23. Given his time-off, the Plaintiff had a back-log of work that required attention as well as new work that continued to accumulate.

24. On December 5, 2017, the Plaintiff performed updates to several computers at Defendant B2B. While the updates were downloading, he closed his eyes for a moment.

25. At that time, Donna Gilman, Director of Accounting and Human Resources, observed the Plaintiff performing updates and resting his eyes for a moment.

26. Ms. Gilman requested that the Plaintiff follow her to her office.

27. Ms. Gilman the told the Plaintiff to take four (4) to six (6) weeks off to get his "head straight" and to get himself back together.

28. During this meeting, Ms. Gilman further stated that she wanted the Plaintiff to return from this leave "strong" and ready to "kick *ss."

29. During this meeting, Ms. Gilman informed the Plaintiff that if he was to continue going down the path he was headed, he would be terminated.

30. On or about December 6, 2017, the Plaintiff commenced a medical leave of absence.

31. That at all relevant times, the Plaintiff was eligible for and entitled to an FMLA and/or RIPFMLA medical leave.

32. During his medical leave of absence, the Plaintiff applied for and received temporary disability insurance benefits.

33. On or about Thursday, February 1, 2018, the Plaintiff reported to Defendant B2B's office to provide the company with a note from his physician permitting him to return to work on February 5, 2018.

34. The Plaintiff was then informed by a human resources representative that his physician's note required additional information and that he needed to submit a supplementary physician's note. Specifically, the physician's note needed to include the reason for his medical leave.

35. The Plaintiff informed the human resources representative that he would be unable to obtain a new physician's note prior to Monday (February 5, 2018) as his physician's office was not open on Fridays, but that he would obtain a new physician's note.

36. On February 5, 2018 at 8:00 a.m., the Plaintiff reported to work.

37. Shortly thereafter, the Plaintiff was called into a meeting with Ms. Gilman as well as Defendant's Chief Executive Officer and the Plaintiff's supervisor.

38. During this meeting, the Plaintiff was informed by Ms. Gilman that management believed that he was unable to handle his job responsibilities and terminated his employment.

39. That despite his disability(ies) or perceived disability(ies), the Plaintiff was still qualified to perform the essential functions of his job with or without a reasonable accommodation.

40. That Defendant B2B's purported rationale for Plaintiff's termination was pretext for discrimination based on his disability(ies) or because he was perceived as disabled and/or because he commenced a medical leave of absence.

41. That the facts of this matter clearly establish that Defendant B2B discriminated against the Plaintiff on account of his disability(ies) or perceived disability(ies) in violation of the ADA, the CRPD, the FEPA, and the RICRA.

42. That Defendant B2B subjected the Plaintiff to workplace discrimination, including terminating his employment, on account that he exercised her statutory right to a medical leave of absence pursuant to the FMLA and the RIPFMLA.

43. Defendant B2B's actions and/or omissions are in violation of the ADA, the CRPD, the FEPA, the RICRA, the FMLA, and the RIPFMLA and were motivated by malice and ill will toward the Plaintiff, and Defendant B2B's actions were intentional, willful, malicious and taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

44. As a proximate result of Defendant B2B's unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff suffered loss of income, as well as employment benefits, mental and physical anguish, pain and suffering, and loss of enjoyment of life.

## VII. Claims For Relief

45. The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-44 above.

### Count One
### Unlawful Discrimination—42 U.S.C. §12101, *et seq.*

46. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability(ies) and/or perceived disability(ies) in violation of the ADA causing the Plaintiff to suffer damages as aforesaid and thereby deprived Plaintiff of rights secured under the ADA.

### Count Two
### Unlawful Discrimination— R.I.G.L. §42-87-1, *et seq.*

47. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, engaged in unlawful discrimination against the Plaintiff in employment on account of his disability(ies) or perceived disability(ies) in violation of the Rhode Island Civil Rights of People with

Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the CRPD.

### Count Three
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

48. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, engaged in unlawful discrimination against the Plaintiff in employment on account of his disability(ies) or perceived disability(ies) in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

### Count Four
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

49. Defendant, its acts and/or omissions, including, but not limited to, those described herein, engaged in unlawful discrimination against the Plaintiff in employment on account of his disability(ies) or perceived disability(ies) insofar as said actions and/or omissions resulted in the termination of an employment contract and the loss of benefits, terms and conditions of a contractual relationship existing between the Plaintiff and Defendant in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

### Count Five
### Violation of FMLA—29 U.S.C. §2601, *et seq.*

50. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated Plaintiff's statutory rights in violation of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the FMLA.

## Count Six
### Violation of RIPFMLA—R.I.G.L. §28-48-1, *et seq.*

51. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RIPFMLA.

## VIII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that the Defendant, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, and the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-1, *et seq.*;

2. enjoining and permanently restraining the Defendant from violating the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, and the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-1, *et seq.*;

3. award the Plaintiff back pay, including incremental increases, pension rights and other benefits, plus prejudgment interest thereon;

4. award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5. award the Plaintiff punitive damages;

6. award the Plaintiff liquidated damages;

7. award the Plaintiff reasonable attorney's fees and costs of litigation; and,

8. such other and further relief as the Court deems just and proper.

## IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Nicole J. Policastro, Esquire as trial counsel.

PLAINTIFF,
By his attorneys,

Date: December 14, 2018

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)

/s/ Nicole J. Policastro
Nicole J. Policastro (#9606)
Formisano & Company, P.C.
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9691
(401) 944-9695 (facsimile)

## **CERTIFICATION**

I hereby certify that the within document has been electronically filed with the Court on this 14th day of December, 2018 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano